DES MOINES NATIONAL BANK, Appellant, v. C. P. MEREDITH.

**Scope of Assignment:** INTEREST IN BUSINESS: *Covers note specified.*
1 An assignment of interest of the plaintiff in a certain business,
2 which specifies that the assignee is to have a certain note in posession of one of the assignors, is sufficient to require the assignor to account for such note to the assignee.

PRINCIPAL AND AGENT: *Ratification.* Where an agent authorized to sell and assign the interest of his principal in a certain business exceeds his authority in executing an assignment

thereof which requires the principal to account for a certain note, but the principal receives the purchase money notes taken by the agent in the assignee's interest, and retains and collects a portion thereof, with knowledge of the action of the agent, it is a ratification of his acts, which will require the principal to account to the assignee for such notes.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, MAY 14, 1901.

ACTION for judgment on a promissory note for $287.50, with 8 per cent. interest, executed by defendants to the plaintiff September 20, 1897, due March 15, 1898. Defendant answered, admitting the execution of said note, and pleading by way of set-off and counterclaim as will hereafter appear, asking judgment against the plaintiff for the excess of his claim over the amount of the note sued upon. The record shows that the defendant filed a cross petition against Randall & Dickey, but it does not appear that they were made or became parties to this action. The case was tried to the court, and judgment rendered dismissing the plaintiff's petition, from which it appeals. The defendant appeals from the refusal to give him judgment on his counterclaim. The plaintiff will be designated as .appellant.— *Affirmed.*

*Charles L. Powell* for appellant.

*De Lano & Meredith* for appellee.

GIVEN, C. J.—I. The firm of Randall & Dickey, composed of George W. Randall and Adam Dickey, was engaged in the selling of agricultural implements in the city of Des Moines. The firm of Meredith, Dickey & Co., composed of C. P. Meredith and said firm of Randall & Dickey, was engaged in the same business in Atlantic and Griswold, in Cass county, Iowa; Mr. Meredith owning one-half, and Randall & Dickey the other half in the business.

In 1894, Meredith bought Randall & Dickey's interest in the implements on hand, and notes and accounts of Meredith, Dickey & Co. not then due were divided between them, leaving only the over-due notes and accounts of that firm and an interest in some land to be settled in the future. Randall & Dickey, being indebted to the plaintiff bank, did, on October 27, 1896, assign, in writing, "all their right, title, and interest to and in the assets of Meredith, Dickey & Co." as collateral security for said indebtedness, with authority to collect and apply the same on said indebtedness. One W. C. Elliott, then an agent for Randall & Dickey, was authorized by the plaintiff to sell said interest of Randall & Dickey in the firm of Meredith, Dickey & Co. for $1,000 net to the plaintiff. On September 18, 1897, Elliott executed to the defendant an assignment in writing of said interest, as follows: "Atlantic, Iowa, September 18, 1897. For and in consideration of eleven hundred and fifty dollars ($1,150), the receipt of which is hereby acknowledged, we hereby transfer, sell, and assign to C. P. Meredith, of Atlantic, Iowa, our entire interest in the business of the firm of Meredith, Dickey & Co., of Atlantic and Griswold, Iowa. Said business consists of a one-half interest in all notes, book accounts, judgments, and real estate. The real property interest consists of a sheriff's certificate for one hundred and sixty acres of improved land, located in McCook county, South Dakota, said certificate being issued in the name of Meredith, Dickey & Co.; and it is agreed by this assignment that the deed for this land shall be made direct to C. P. Meredith by the sheriff of the county where land is located. Should this conflict with the laws of South Dakota respecting issuance of deed direct to C. P. Meredith then the assignors shall make a deed of their interest in this real estate to C. P. Meredith, with no other consideration than what is mentioned herein. It is also further agreed that all the profits, moneys on hand, bank credits, and any other inter-

est or credits that may accrue to Meredith, Dickey & Co. from any source whatever are transferred by this instrument, and as a further part of this agreement no liabilities shall be paid or incurred by the assignors in this assignment. In addition to the above items, C. P. Meredith is to have the Abel Werner note and the W. H. Kirk note, which were renewed and extended by Theodore Coffee, agent of Randall & Dickey. These notes are now in possession of Randall & Dickey, and are a part of the Meredith & Dickey Co.'s business. Randall & Dickey, by W. C. Elliott, Agent. Des Moines National Bank, Assignees of Interest Herein Mentioned of Randall & Dickey, per W. C. Elliott." Meredith then delivered to Elliott his four promissory notes for $287.50 each, payable to the plaintiff, three of which have been paid; and this action is upon the remaining one. One W. H. Kirk was indebted to Meredith, Dickey & Co., for which they held his notes. These notes were placed in the hands of Randall & Dickey, and by them turned over to their collector, Mr. Coffee, to collect the same. On August 26, 1892, Mr. Coffee took two renewal notes for $128.75 each, with 8 per cent., from Mr. Kirk, and returned them to Randall & Dickey. Mr. Kirk paid both these notes to Randall & Dickey in the fall of 1893, but they omitted to credit Meredith, Dickey & Co. with either the Kirk notes or the amount received in payment thereof. It is undisputed that neither of these notes, nor any of the money received in payment thereof, were ever turned over to Meredith, Dickey & Co., or to Mr. Meredith.

II. Three questions are discussed, namely, whether the assignment to Meredith, as made by Elliott, requires the plaintiff to account to Meredith for the Kirk notes. Also whether Elliott had authority to so agree, and if not whether the plaintiff has since ratified the assignment as it was made. The language of the assignment fully answers this first inquiry. After assigning "our interest in the business of Meredith, Dickey & Co," and reciting in what said business consisted, the as-

signment says: "In addition to the above items, C. P. Meredith is to have the Abel Werner note and the W. H. Kirk notes." We think it clear that these notes were specifically included in the assignment. The Werner note having been delivered, no question is made as to it in this case. As to the second proposition, we believe that originally the bank only authorized Elliott to sell and assign its interest, whatever it might be; but it appears that, after the bank had full knowledge that he had specifically included these notes, the bank stood upon the contract as it was made, and thereby ratified it. On January 18, 1898, Elliott sent a copy of the assignment to the bank in a letter in which he said as follows: "There are two notes mentioned in this agreement,—old ones, N. G.,— but which Meredith wants. These have not been sent by Mr. Randall. They were a part of the Meredith, Dickey & Co. notes for collection with Randall & Dickey, and I wish you would call Mr. Randall's attention to this." On the next day the bank replied: "I beg to acknowledge receipt of your favor of the 18th inst., and I return you herewith contract entered into with C. P. Meredith. I have written to Mr. Randall to forward you the notes which you requested." No doubt it was in response to this request that the Werner note was forwarded. After the bank was thus fully informed as to what Elliott had assigned, it wrote Randall to forward the notes, and continued to hold and to receive payment upon the notes given by Mr. Meredith in consideration of the assignment. Surely, this was a ratification of the act of Elliott in specifically including the Werner and Kirk notes, and therefore the case should be affirmed upon the plaintiff's appeal. The amount for which the plaintiff should account because of the failure to deliver the Kirk notes is substantially the same as the amount due upon the note sued upon, and therefore we conclude that the judgment should be affirmed upon the defendant's appeal.—Affirmed.